OPINION
Chad Gordon, a minor, appeals from his adjudication of delinquency by reason of having committed an act that, if it were committed by an adult, would constitute Felonious Assault. Gordon contends that the trial court erred by accepting his admission of responsibility, because that admission was not knowing and voluntary, in view of the fact that Gordon had been misadvised that he could be tried as an adult. We agree with the State that the record does not support the error claimed. Although Gordon asserts that we should consider his affidavit, attached to his brief, in which he avers that "the presiding judge informed me that I could be bound over and tried as an adult," prior to the recorded proceedings, we agree with the State that in a direct appeal we may not consider matters outside the record. Accordingly, the judgment of the trial court is Affirmed.
 I
Gordon was charged with delinquency by having committed acts that, if they had been committed by an adult, would have constituted Felonious Assault, Criminal Trespass, and the prohibition against persons under the age of twenty-one ordering, purchasing, attempting to purchase, or consuming beer or intoxicating liquor (R.C. 4301.632).
In due course, Gordon appeared before a magistrate, where, being advised of the rights he would thereby be waiving, he admitted responsibility for the Felonious Assault, and the other accusations were withdrawn. The trial court elicited from the prosecutor a recitation of the facts leading to the Felonious Assault charge, accepted Gordon's admission of responsibility, found him to be delinquent, and imposed an appropriate sanction.
From the adjudication of delinquency and sanction, Gordon appeals.
 II
Gordon's sole assignment of error is as follows:
 THE APPELLANT DID NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY ENTER HIS PLEA OF GUILTY SINCE THE TRIAL JUDGE INCORRECTLY INFORMED HIM THAT HE COULD BE BOUND OVER AND TRIED AS AN ADULT.
Essentially, Gordon contends that his admission of responsibility, including its attendant waiver of rights, was not knowing and voluntary, because the trial court had incorrectly informed him that he was subject to being bound over and tried as an adult. There is nothing in the record to reflect that the trial court, or any officer thereof, informed Gordon that he was subject to being bound over and tried as an adult. However, Gordon asked that we take notice of his affidavit, attached to his brief, in which he avers, in pertinent part, as follows:
 3. Prior to the recorded Proceedings in which I pled guilty to felonious assault, the presiding judge informed me that I could be bound over and tried as an adult.
 4. I believed that I could be bound over and tried as an adult, as the Judge had stated. I did not find out this was incorrect until a public defender told me so after I had already pled guilty. This public defender was not the same public defender that was present with me at the Proceedings.
 5. My incorrect belief that I could be bound over and charged as an adult induced me to plead guilty to felonious assault.
 6. If I had known that I could not be bound over and charged as an adult, I would have entered a plea of not guilty to the charges pending against me.
The State has moved that we strike Gordon's affidavit, asserting that in a direct appeal error must be portrayed in the record in the trial court. We agree.
Gordon directs our attention to three opinions for the proposition that we may properly consider his affidavit. The first of three is Belvedere Condominium Unit Owner Association. v. R.E. Roark Cos., Inc. (1993).[1]
In that case, the Supreme Court dealt with the threshold issue whether it could consider an argument that had not been raised in the courts below. It held that: "When an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue. To put it another way, if we must resolve a legal issue that was not raised below in order to reach a legal issue that was raised, we will do so."[2]
We do not understand Belvedere Condominium Unit Owner's Assn., supra, to support the proposition that in a direct appeal error can be predicated upon matters not portrayed in the record. We understand that case to stand for the proposition that an error portrayed in the record, when based upon an issue of law not argued in the trial court, may, under certain circumstances, be urged on appeal.
The other two cases cited by Gordon for the proposition that an appellant may portray error based upon matters not appearing in the record in the trial court are Brown v. Borcher's Ford, Inc. (1977),[3] and In re M.D. (1988).[4] We have reviewed both of these opinions, and we conclude that they, also, merely stand for the proposition that, under certain circumstances, legal arguments not argued in the trial court may nevertheless be considered on appeal. However, nothing in these opinions suggests to us that, in a direct appeal, error can be portrayed by matters not appearing of record in the trial court.
We understand the rule to be as set forth by the Ohio Supreme Court in 1978 — that "a reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail.[5] In one case, we applied this principle even where a defendant in a civil case who had obtained summary judgment was attempting to rely, on appeal, upon the transcript of a deposition of the plaintiff that had only inadvertently not been filed in the trial court.[6] If, in a direct appeal, a party to the appeal concludes that the record in the trial court is incomplete, that party may apply to the trial court for correction or modification of the record pursuant to App.R. 9(E), and the trial court is then obliged to enter an order settling the record.
The importance of basing a decision in a direct appeal upon the record is evident in this case. Clearly, Gordon was subject to some risk, if he decided not to accept the State's offer and admit responsibility, that he might be found not to be amenable to treatment as a juvenile, and therefore, pursuant to R.C. 2951.26, be bound over for trial as an adult. The precise wording of any advice that might have been given to him by the Juvenile Court, or any officer thereof, would be crucial in determining whether his decision to admit responsibility was predicated upon a misunderstanding of his rights, and the likely consequences of his waiving those rights. If he had been led to believe that his transfer to adult court was a certainty if he did not take the deal offered, then his claim might have some validity. Conversely, if he was only led to understand that there was some risk of his being transferred to the adult court for trial, then it would appear that his claim would have no merit, because that advice would have been correct.
In any event, we agree with the State that in a direct appeal we may not predicate error upon matters not found in the record. Accordingly, Gordon's sole assignment of error is overruled.
 III
Gordon's sole assignment of error having been overruled, the judgment of the trial court is Affirmed. The State's motion to strike Gordon's affidavit attached to his brief is overruled as moot.
BROGAN and GRADY, JJ., concur.
[1] 67 Ohio St.3d 274.
[2] Id., at 279.
[3] 50 Ohio St.2d 38.
[4] 38 Ohio St.3d 149.
[5] 54 Ohio St.2d 402, first paragraph of syllabus.
[6] Few v. Cobblestone, Inc. (May 22, 1991), Montgomery App. No. 12490, unreported.