DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.
 {¶ 2} On September 7, 2006, appellant, Gale Gorsuch, and his co-defendants, Karl Veler and Deanean Clark, planned the robbery of a KeyBank located on Tremainsville Road in Toledo, Lucas County, Ohio. Clark was the driver of the motor *Page 2 
vehicle and Veler sat in the front passenger seat. Both Clark and Veler remained in the vehicle and acted as lookouts. Appellant went into KeyBank and handed the teller a note demanding money. The note said, "Give me all your money, no dye packs, no shit." The teller gave appellant $1,911 in cash, and he left the bank.
 {¶ 3} The robbers fled in their motor vehicle. However, a bank patron was able to give the police a description of the vehicle and the license plate number. The police also had a description of appellant. Within a matter of minutes, police officers stopped the vehicle. Appellant jumped out of the motor vehicle and attempted to escape. He was captured and arrested. At the time of the arrest, appellant had a loaded .380 caliber handgun and the $1,911 in his possession. Subsequently, the bank teller identified appellant as the person who robbed the KeyBank on Tremainsville Avenue on September 7, 2006.
 {¶ 4} Because he struggled during the arrest, appellant was tased and injured. Therefore, he was transported to the hospital for treatment. While receiving treatment, appellant escaped and fled to Secor Road, which is also located in Toledo, Lucas County, Ohio. There, appellant punched a woman in the chest and took her 2005 Chevrolet Trailblazer. He drove the Trailblazer to a party store on Tremainsville Road where he stole two cases of beer. He was later arrested while hiding in a trailer.
 {¶ 5} The Lucas County Grand Jury indicted appellant on (1) one count of aggravated robbery, a violation of R.C. 2911.01(A) (1), a felony of the first degree, with a firearm specification; (2) one count of having a weapon while under disability, a *Page 3 
violation of R.C. 2923.13(A)(2), a felony of the third degree, with a firearm specification; (3) one count of knowingly causing or attempting to cause physical harm to a police officer during the performance of his duty, a violation of R.C. 2903.13(A), a felony of the fourth degree; (4) one count of escape, a violation of R.C. 2921.34(A)(1) and (C)(2)(a), a felony of the second degree, with a firearm specification; and (5) one count of robbery, a violation of R.C. 2911.02(A)(2), a felony of the second degree.
 {¶ 6} Appellant initially pled not guilty to all charges. On January 29, 2007, however, a change of plea hearing was held. At the hearing, appellant changed his plea to no contest on the charges of aggravated robbery, having a weapon while under disability with a firearm specification, and robbery. The two remaining charges were nolled. The trial court accepted appellant's plea and found him guilty of all three offenses.
 {¶ 7} After holding a hearing, the trial court sentenced appellant to five years in prison for his conviction on one count of aggravated robbery, two years in prison for his conviction on one count of having a weapon while under disability with a firearm specification, and five years in prison for his conviction on one count of robbery. The court also imposed a mandatory and consecutive one year in prison as to the firearm specification. The sentences imposed for the aggravated robbery, the possession of a weapon while under disability, and robbery were ordered to be served consecutively to each other. The prison term for the firearm specification was ordered to be served consecutive to that imposed for having a weapon while under disability. *Page 4 
 {¶ 8} Appellant timely appealed his convictions and was appointed counsel for the purposes of that appeal. Appellant's counsel, however, submitted a motion to withdraw pursuant to Anders v. California (1967),386 U.S. 738. See, also, State v. Duncan (1978), 57 Ohio App.2d 93. Under Anders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she must advise the court of the same and request permission to withdraw. Id. at the syllabus. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements are satisfied, the appellate court is required to conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating any constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 9} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Although notified, appellant never raised any matters for our consideration. Accordingly, we shall proceed with an examination of any arguable assignments of error set forth by counsel for appellant, and of the entire record below, in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous. *Page 5 
 {¶ 10} Counsel for appellant asserts, in compliance with the mandates of Anders, "that the only arguable matter for appeal is whether or not the sentence of the court was excessive and whether it was appropriated justly."
 {¶ 11} An appellate court reviews felony sentences for an abuse of discretion. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. An abuse of discretion signifies that a court committed more than a mere error of law or an error in judgment; it implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court in reaching its decision. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 12} Nonetheless, R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors, must still be considered by trial courts in sentencing offenders. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors. *Page 6 
 {¶ 13} At his sentencing hearing, appellant acknowledged that he would have to spend the one year mandatory sentence in prison, but expressed a desire to thereafter be released to the Correctional Treatment Facility in Toledo, Ohio, for treatment of his alcohol and substance abuse and, at some point, obtain work release. Appellant asserted that he was under the influence of cocaine and alcohol at the time he committed the offenses in this cause.
 {¶ 14} Citing the presentence investigation report, the trial court noted that appellant has seven felony convictions on his record, including an aggravated robbery and two prior escape convictions; has nine misdemeanors on his record; and has had his parole revoked three times. The court further observed that appellant's criminal record showed that he had a substance abuse problem from the time of his conviction in 1980 for operating a motor vehicle while under the influence of alcohol and either did have or could have received treatment in the last 26 years. The trial judge further stated that he had considered all necessary statutory factors. In his judgment entry, he specifically declared that he considered the principles and purposes of sentencing pursuant to R.C. 2929.11, and balanced the seriousness and recidivism factors of R.C. 2929.12. All of the prison terms imposed on appellant are within the statutory range for first, second, and third degree felonies. Based upon all of the foregoing, we conclude that appellant's sole arguable issue is without merit.
 {¶ 15} After engaging in further independent review of the record, we find that there are no other grounds for a meritorious appeal. This appeal is therefore determined *Page 7 
to be wholly frivolous. Appointed counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1