DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Jonathon Kinner, to three years in prison, the mandatory minimum term pursuant to R.C. 2929.13(F) for his conviction of rape, pursuant to R.C. 2907.02(A)(1)(b) and (B), a first degree felony. *Page 2 
 {¶ 2} On December 11, 2006, appellant entered a plea of no contest to rape, a violation of R.C. 2907.02(A)(1)(b) and (B). The plea was accepted and appellant was found guilty. After a sentencing hearing, appellant was sentenced to a three year term of incarceration. The court held by clear and convincing evidence that appellant is a sexually oriented offender and ordered him to provide annual address notification and verification for ten years. Appellant filed a timely notice of appeal on May 15, 2007, and raises the following sole assignment of error:
 {¶ 3} "The trial court erred in finding that appellant was subject to a mandatory prison term pursuant to Ohio R.C. 2929.13(F), for conviction of rape in violation of Ohio R.C. 2907.02(A), despite the fact that he was a minor at the time of offense."
 {¶ 4} The following facts are relevant to the issue raised on appeal. On or between March 30, 2001 and March 29, 2002, appellant engaged in sexual conduct with another who was not the spouse of the offender, when the other person was less than 13 years of age, whether or not the offender knew the age of the other person. Appellant was born on December 16, 1983, and was between the ages of 17 and 18 at the time of the offense. Appellant was indicted on June 20, 2006. Prior to the sentencing hearing, appellant submitted a sentencing memorandum arguing for the consideration of community control rather than a mandatory prison term. The trial court rejected this argument.
 {¶ 5} Appellant argues that because he may have been below the age of 18 at the time of the conduct, he may have been eligible, under juvenile law, for a probationary *Page 3 
sentence pursuant to R.C. 2952.16 and 2152.17(D). However, appellant concedes that pursuant to R.C. 2151.23(I)[1] and 2152.12(J) that jurisdiction properly lies in the general division, and appellant is not subject to the jurisdiction of the juvenile court. Further, appellant contends that the sentence he received violates both the Ohio and United States Constitution because he was not sentenced under the law in effect at the time of the criminal act, as such his sentence was in violation of Ex Post Facto and Retroactive Clauses of the Ohio and United States Constitutions.
 {¶ 6} The applicable standard of review for felony sentences post-Foster, is abuse of discretion. State v. Gorsuch, 6th Dist. No. L-07-1071, 2008-Ohio-1561, ¶ 11. "An abuse of discretion signifies that a court committed more than a mere error of law or an error in judgment; it implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court in reaching its decision." Id.
 {¶ 7} Pursuant to R.C. 2152.12:
 {¶ 8} "If a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until after the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of the case charging the person with committing that act." R.C. 2152.12(J).
 {¶ 9} This statutory change went into effect in 1997. As such, this statute was in effect at the time of appellant's crime and an Ex Post Facto clause or Retroactive Clause *Page 4 
of the Ohio and United States Constitution argument would not be applicable. Furthermore, even if the statute had not been effective at the time the crime was committed, the 1997 statutory change was held to be retroactive in State v. Walls (2002), 96 Ohio St.3d 437, ¶ 19.
 {¶ 10} In Walls, while the defendant was under the age of 18 when he committed his crime, the crime was committed in 1985 prior to the adoption of the 1997 statutory change. Id. at ¶ 2, 5, 6. Regardless, the court in Walls held that the 1997 amendments to the Ohio Revised Code were intended to apply retroactively and that because the change was remedial, the retroactive application did not impair any of the defendant's rights. Id. at ¶ 14, 17.
 {¶ 11} We find that the trial court did not abuse its discretion in imposing the mandatory minimum sentence term pursuant to R.C. 2929.13(F). Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 12} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., concur.
[1] Amended by 2008 H.B. 214, approved February 13, 2008. *Page 1