DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from the judgment of the Williams County Common Pleas Court, which sentenced appellant, Timoteo Salinas, to three years in prison, for his conviction of having weapons under disability, a third degree felony, in violation of R.C. 2923.13(A)(2). *Page 2 
 {¶ 2} Appellant entered a plea of guilty for his violation of R.C. 2923.13(A)(2), on August 20, 2007. The plea was accepted and appellant was convicted. Following a presentence investigation report, on October 22, 2007, appellant was sentenced to three years at the Ohio Department of Rehabilitation and Correction. Appellant filed a timely notice of appeal and raises the following sole assignment of error:
 {¶ 3} "The trial court erred to the prejudice of defendant/appellant in sentencing him to a three (3) year sentence for his conviction for having a weapon under disability, a felony of the third degree, in violation of Ohio Revised Code § 2923.13(A)(2)."
 {¶ 4} The following facts are relevant to the issue raised on appeal. During the sentencing hearing, the trial court considered all the principles and purposes of felony sentencing under R.C. 2929.11, in addition to balancing the seriousness and recidivism factors pursuant to R.C. 2929.12. The trial court held that none of the less serious factors applied and that the appellant was likely to commit future crimes. Further, the trial court highlighted appellant's history of former felony convictions and relied on the presentencing investigation report, which showed that appellant was admittedly using cocaine just two weeks prior to being interviewed for the report. Based on these findings, the trial court disagreed with appellant's request for community control sanctions and sentenced appellant to three years imprisonment.
 {¶ 5} In his argument, appellant contends that during sentencing the trial court merely recited the factors under R.C. 2929.12, but failed to consider them. Appellant *Page 3 
argues that the trial court was required to give reasons for the imposition of more than the minimum
 {¶ 6} sentence, relying on R.C. 2929.14 (C). This provision of the Ohio Revised Code was held unconstitutional by State v. Foster in 2006, prior to appellant's plea and sentencing. 109 Ohio St. 3d 1, ¶ 63-64. Because the portion of R.C. 2929.14 that appellant relies on has been held to be unconstitutional, we find no merit to this argument.
 {¶ 7} For a third-degree felony, convicted offenders are to be sentenced to "a definite prison term [of] one, two, three, four, or five years." R.C. 2929.14(A). Post-Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." Id. at ¶ 100. As such, sentences will only be overturned if the trial court abused its discretion. State v. Gorsuch, 6th Dist. No. L-07-1071, 2008-Ohio-1561, ¶ 11. "An abuse of discretion signifies that a court committed more than a mere error of law or an error in judgment; it implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court in reaching its decision." Id.
 {¶ 8} Foster simply requires trial courts to consider the factors and guidelines outlined in R.C. 2929.11 and 2929.12 and does not mandate judicial fact finding. Foster, ¶ 36-42. In the case at hand, the trial court specifically noted during the sentencing hearing that it had considered the purposes and principles of felony sentencing, under *Page 4 
R.C. 2929.11, as well as the more serious and less serious recidivism list of factors in R.C. 2929.12. Additionally, the trial court considered the presentencing investigation report when deciding the appropriate sentence. However, appellant contends that the trial court
 {¶ 9} merely gave a "rote recitation" of the factors. This is irrelevant, as this court held in State v. Friess, that a rote recitation was enough, stating, "nothing more than a rote recitation that the applicable factors of R.C. 2929.12(B)(1) have been considered [is needed]." 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 7, citing,State v. Arnett (2000), 88 Ohio St.3d 208, 215.
 {¶ 10} As such, we find the trial court did not abuse its discretion in sentencing appellant within the statutory range, for the conviction of a third-degree felony, pursuant to R.C. 2929.14(A). The trial court adequately considered the statutory principles, purposes, and factors, meeting the requirements under Foster. Accordingly, a sentence of three years imprisonment was well within the trial court's discretion and appellant's sole assignment of error is found not well-taken.
 {¶ 11} The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1