DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment issued by the Lucas County Court of Common Pleas which denied appellant's petition for postconviction relief. Because we conclude that the trial court properly dismissed appellant's petition, we affirm.
 {¶ 2} In January 2007, appellant, Gale E. Gorsuch, pled no contest to and was found guilty of three counts: aggravated robbery, in violation of R.C. 2911.01(A)(1); *Page 2 
having a weapon while under disability with a firearm specification, in violation of R.C. 2923.13(A)(2); and robbery, in violation of R.C.2911.02.(A)(2). Appellant was sentenced in February 2007, and appealed that judgment. This court affirmed the trial court's judgment on March 31, 2008. See State v. Gorsuch, 6th Dist. No. L-07-1071,2008-Ohio-1561.
 {¶ 3} Appellant filed his first two petitions for postconviction relief in August and December 2007, which were dismissed by the trial court. The current appeal is from the dismissal of his third postconviction petition filed in April 2008, allegedly based on appellant's claim regarding a defective indictment, pursuant toState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624. The trial court dismissed the petition on July 2, 2008, stating that the petition did not meet the requirements of R.C. 2953.23(A) for late or successive filings for postconviction relief.
 {¶ 4} Appellant now appeals that dismissal, arguing the following sole assignment of error:
 {¶ 5} "The trial court committed an error of law by dismissing the petition for post-conviction relief."
 {¶ 6} R.C. 2953.23(A) provides, in pertinent part, that a court may not entertain a postconviction relief petition filed more than 180 days after the filing of the trial transcript in the court of appeals, unless the petitioner shows both of the following: (1) that he was unavoidably prevented from discovery of relevant facts or the United *Page 3 
States Supreme Court has "recognized a new federal or state right that applied retroactively to persons in the petitioner's situation";and (2) that the petitioner demonstrates "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense" of which he was convicted.
 {¶ 7} Appellant essentially argues that his petition for postconviction was based upon a Supreme Court of Ohio decision,State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I") which addressed defective indictments. In State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749 ("Colon II"), the court clarified its first decision, noting that Colon I was prospective in nature, i.e., that it only applied to those cases which were pending on appeal or filed after its pronouncement on April 9, 2008.
 {¶ 8} In this case, appellant's appeal from his conviction was decided on March 31, 2008, prior to Colon I. No other appeal was filed, nor was an application for a reopening filed. A petition for postconviction relief does not constitute an appeal. Consequently, Colon I was not applicable to appellant's conviction, and his claim did not meet at least the second prong of R.C. 2953.23(A)(1). Therefore, the trial court properly dismissed appellant's petition for postconviction relief.
 {¶ 9} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 10} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for *Page 4 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., William J. Skow, P.J., CONCUR. *Page 1