PINCELLI, APPELLEE, *v.* THE OHIO BRIDGE CORP. ET AL.,
APPELLANTS.

[Cite as Pincelli v. Ohio Bridge Corp., 5 Ohio St. 2d 41.]

(No. 39379—Decided January 5, 1966.)

*Messrs. Knepper, White, Richards & Miller, Mr. John A. Jenkins, Mr. Donald A. Davies, Mr. Hugh A. Sherer, Messrs. Rowland, Bridgewater & Gray* and *Mr. Hal H. Rowland,* for appellee.

*Mr. Homer B. Gall, Jr.,* prosecuting attorney, *Mr. Samuel B. Erskine, Messrs. Porter, Stanley, Treffinger & Platt, Mr. J. Ralston Werum, Mr. Michael D. Rose* and *Mr. Lawrence D. Stanley,* for appellants.

BROWN, J. The judgment below dismissing the appeal on questions of law and fact and retaining it on questions of law

cannot be prejudicial since only questions of law arose in the Court of Appeals. We are unable to see any question of fact material at any stage of these proceedings which was disputed in the courts below. Nor was any additional material evidence proffered and excluded in the Court of Appeals.

There is no reason for a Court of Appeals to certify its judgment as conflicting with that of another Court of Appeals where, as here, the point upon which conflict exists had no arguable effect upon the judgment of the certifying court. See *Sprung, Admx.,* v. *E. I. Du Pont De Nemours & Co.,* 30 Ohio Law Abs. 278, appeal dismissed, 136 Ohio St. 94. Questions certified should have actually arisen and should be necessarily involved in the court's ruling or decision. 5 American Jurisprudence 2d 448 *et seq.,* Appeal and Error, Section 1025 *et seq.*

Although Section 6, Article IV of the Constitution, requires this court to review and finally determine cases in which the record has been certified for the reason that the judgment rendered is in conflict with the judgment pronounced upon the same question by another Court of Appeals, this court is not required to resolve immaterial conflicts and will not do so in this case. The certification, however, does require this court to hear and "finally determine" the cause.

We therefore observe that appellants' real complaint is that under facts which are substantially undisputed the judgment is contrary to law. Section 153.31 *et seq.,* Revised Code, state the requirements having to do with preparation, filing and publication of plans, specifications and material lists, as well as the procedure for inviting bids and letting contracts for erecting, altering and repairing bridges by private contract.

A specific exception to this procedure is Section 153.42, Revised Code, which authorizes a private contract without publication or notice when the estimated cost does not exceed $1,-000.

The contract here involved was for the erection, alteration and repair of county bridges at a cost of more than $1,000. The contract was a private contract proscribed by Section 153.42, Revised Code, and not let to the lowest bidder as required by

Section 153.43, Revised Code, after notice required by Section 153.40, Revised Code.

It is apparent that Sections 153.31 to 153.60, Revised Code, were in no way followed and cannot be authority for the legality of this contract. Instead, the county officers and the corporate defendant propose that they have proceeded in this matter under authority of Section 5543.19, Revised Code, which provides:

"The county engineer may, when authorized by the Board of County Commissioners, employ such laborers and teams, lease such implements and tools, and purchase such materials as are necessary in the construction, reconstruction, improvement, maintenance, or repair of roads, bridges, and culverts, by force account."

We observe, however, that the bridge was not constructed by the county engineer with labor employed by him, with materials purchased by him and with equipment owned or leased by him, but was built by The Ohio Bridge Corporation entirely with labor employed and paid by it, with material purchased by it and with equipment owned or leased by it. We observe further that this procedure does not arguably amount to that prescribed by the above-recited section.

The trial and appellate courts, applying the applicable law to the undisputed facts, have taken a position that is logically irrefutable.

The issuance of the purchase orders was not authorized by any statute, and no contract authorizing the expenditure of public funds resulted. *Buchanan Bridge Co.* v. *Campbell et al., Commrs.*, 60 Ohio St. 406.

Section 5705.41, Revised Code, declares void every contract or order involving the expenditure of money by a subdivision or taxing unit unless there is an attached certificate that the amount appropriated is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances.

If the language of that statute needed construction, it has been construed in *State* v. *Kuhner*, 107 Ohio St. 406.

Section 309.13, Revised Code, authorizes the injunction issued in this case and under these circumstances by the courts below at the instance of the appellee, and that statute does not limit the granting of such injunctions to cases in which the petition preceded the completion of the contract. The section contemplates an injunction after completion of the contract and before payment. Again, the affirmative language of an unambiguous statute prevents the defendants from successfully claiming that a delay in filing suit prevents the plaintiff from obtaining the relief prayed for. This statute which specifically directs action to prevent payment on illegal public contracts makes untenable the position taken by the defendants that payment can be made on a basis of moral obligation.

The judgment below is, therefore, affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.