THE STATE, EX REL. HILTON, *v.* BOARD OF COMMRS. OF
WARREN COUNTY ET AL.

[Cite as State, ex rel. Hilton, v. Bd. of Commrs.,
16 Ohio App. 2d 118.]

(No. 318—Decided July 29, 1968.)

*Messrs. Withrow & Ratchford, Mr. Ray Schmidt* and
*Mr. Gary Snyder,* for relator.

*Mr. Fred E. Jones* and *Mr. William W. Young,* for
respondent Middleton Bros.

*Mr. John M. Oswald,* prosecuting attorney, for re-
spondent Board of Commissioners of Warren County.

SHANNON, J. This is an action in mandamus brought in the Court of Appeals for Warren County by relator as a taxpayer and resident of such county. The respondents are the members of the Board of County Commissioners of Warren County and Middleton Brothers, a partnership.

The board, on April 25, 1967, in contemplation of the construction of a county administration building, resolved to approve an advertisement for bids for the furnishing of materials, labor and equipment involved therein. On May 9, 1967, the board resolved to approve advertisements for bids for the furnishing of labor and materials for mechanical work on the building.

On May 23, 1967, bids were received and opened for the general construction. On June 13, 1967, the bids for the mechanical work were received and opened.

On July 7, 1967, the board awarded the bid for general construction to respondent Middleton Brothers for the total sum of $226,246 and, on the same day, awarded that partnership the bid for the mechanical work for the total amount of $110,508.

The certificate by the Warren County Prosecuting Attorney, pursuant to Section 153.44, Revised Code, was not filed until October 12, 1967.

On or about July 15, 1967, construction was begun and the building has since been completed, accepted and occupied.

On September 28, 1967, relator made a written request of the prosecuting attorney that an action be filed to bar the construction then in progress, which request was denied. Consequently, on October 30, 1967, relator filed the suit at bar "for the benefit of the county and all of the taxpayers therein" seeking a writ of mandamus requiring the Board of Commissioners to cancel the agreement with Middleton Brothers, to relet the bids, that sums paid under the contract be returned to the county treasury, that the Board of Commissioners be temporarily restrained from making further payments, and that Middleton Brothers

be temporarily restrained from continuing the mechanical work.

On December 4, 1967, motion for the temporary restraining orders was heard by this court and, thereafter, denied.

Relator contends the issues to be:

"1. Whether the letting of a contract for mechanical work to Middleton Brothers when that bid for the whole of the mechanical work was $11,750.20 higher than the separate bids in the aggregate, was in violation of law.

"2. Whether the letting of the contract to Middleton Brothers was in violation of law, since the county commissioners had failed to give public notice in two principal newspapers in the county, having the largest circulation of the time and place where sealed proposals would be received.

"3. Whether the letting of the contract to Middleton Brothers was in violation of law, since the Prosecuting Attorney of Warren County, Ohio, did not endorse the certificate upon the contract between the respondents, the Warren County Board of Commissioners and the respondent, Middleton Brothers, for the general construction or the contract between the same parties for the mechanical work, to the effect that the contracts were in accordance with Sections 153.01 to 153.60, inclusive, of the Ohio Revised Code, as required by law."

While such issues may be involved in the controversy, the fundamental question, to us, is whether they are properly before this court.

In order to resolve this problem, we must consider what relief, in fact, relator is seeking.

In the case of *Pincelli* v. *Ohio Bridge Corp.*, 5 Ohio St. 2d 41, a taxpayer sought to enjoin illegal expenditure of public funds on the grounds that purchase orders for the construction and repair of certain bridges had been issued without complying with the requirements of Sections 153.31 to 153.60, Revised Code, and that no certificate of availability of funds was attached as required by

Section 5705.41 of the Revised Code. In affirming a finding of the Court of Common Pleas, upheld by the Court of Appeals, that the procedure used by county officials was not justified by law, the Supreme Court observed that:

"Section 309.13, Revised Code, authorizes the injunction issued in this case and under these circumstances by the courts below at the instance of the appellee, and that statute does not limit the granting of such injunctions to cases in which the petition preceded the completion of the contract. The section contemplates an injunction after completion of the contract and before payment. * * *"

Clearly, then, relator had available a plain and adequate remedy in the ordinary course of the law at the time he filed the instant action seeking a writ of mandamus.

In *State, ex rel. Schaefer, v. Bd. of County Commrs.,* 11 Ohio App. 2d 132, the Court of Appeals for Montgomery County stated in paragraph one of the syllabus:

"Where, in an action seeking a writ of mandamus in the Court of Appeals, time is a controlling consideration in determining whether relator has an adequate remedy at law, the remedy of mandamus is appropriate."

However, in *State, ex rel. Schaefer, supra,* the court pointed out that ordinarily relators bringing such an action as taxpayers would have an adequate remedy in the ordinary course of law by way of injunction.

In the case at bar, time was not a controlling consideration in determining the remedy available. Bids had been let and construction had proceeded before suit was filed and, also, before demand to file suit was made upon the prosecuting attorney. Therefore, this case is distinguished from *State, ex rel. Schaefer.*

It is apparent to us that although relator characterizes his action as one seeking a writ of mandamus, in actuality he petitions for injunction.

This being so, we conclude that the question whether he is properly in this court is disposed of by paragraph four of the syllabus of *State, ex rel. Pressley, v. Indus. Comm.,* 11 Ohio St. 2d 141, to wit:

"Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for an injunction, such a petition does not state a cause of action in mandamus and since neither the Supreme Court nor the Court of Appeals has original jurisdiction in injunction the action must be dismissed for want of jurisdiction. * * *"

Consequently, despite relator's label of "action in mandamus," he seeks an injunctive remedy to restrain and enjoin respondents rather than to compel them to perform a clear legal duty. His petition, we conclude, then does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.

*Petition dismissed.*

LONG, P. J., and HILDEBRANT, J., concur.