38

BROWN, ATTORNEY GENERAL, APPELLANT, *v.* BORCHERS FORD, INC., ET AL., APPELLEES.

(No. 76-700—Decided April 20, 1977.)

*Mr. William J. Brown,* attorney general, *Mr. Robert S. Tongren* and *Mr. Jay McKirahan,* for appellant.

*Coolidge, Wall, Matusoff, Womsley & Lombard Co., L. P. A., Mr. Roger J. Makley* and *Mr. Hugh E. Wall, III,* for appellee Borchers Ford.

*Messrs. Pickrel, Schaeffer & Ebeling,* for appellees White-Allen, Becker and Peffley.

*Per Curiam.* The Attorney General presents a question not previously raised in the litigation and thus not ruled upon by the Court of Appeals. Specifically, the Attorney General argues that when he investigates consumer fraud on his own under R. C. 1345.07, without referral from the Director of Commerce, no requirement of requesting assurance of voluntary compliance is necessary because the provisions of R. C. 1345.06 do not apply.

Certification of the record of the case to the Supreme Court, because of a conflict between judgments of the Courts of Appeals upon any question, brings the entire case, not merely the certified question, before this court for review. *Couk* v. *Ocean Accident & Guar. Corp.* (1941), 138 Ohio St. 110; *Pettibone* v. *McKinnon* (1932), 125 Ohio St. 605.

The fact that the Attorney General's argument was not previously raised does not bar its consideration. Upon appeal, while the reviewing court may disregard the error, the court has authority to consider it.

In *Pincelli* v. *Ohio Bridge Corp.* (1966), 5 Ohio St. 2d

41, this court delineated the scope of its review of a case certified because of a conflict, stating at page 44:

"There is no reason for a Court of Appeals to certify its judgment as conflicting with that of another Court of Appeals where, as here, the point upon which conflict exists had no arguable effect upon the judgment of the certifying court. * * *

"Although Section 6, Article IV of the Constitution [now Section 3(B)(4), Article IV] requires this court to review and finally determine cases in which the record has been certified for the reason that the judgment rendered is in conflict with the judgment pronounced upon the same question by another Court of Appeals, this court is not required to resolve immaterial conflicts and will not do so in this case. * * *"

Consideration by the Court of Appeals as to whether the Attorney General is required to request assurance of voluntary compliance when he investigates consumer fraud on his own initiative under R. C. 1345.07 could be determinative of this action. Thus, the existence of the conflict between the judgments of the Courts of Appeals on the necessity of requesting assurance of voluntary compliance under R. C. 1345.06 would not be a proper matter for certification.

Therefore, the cause is remanded to the Court of Appeals for its consideration of the argument raised by the Attorney General concerning the application of R. C. 1345.-07, and thereby ascertaining the materiality of the existing conflict.

*Judgment accordingly.*

O'NEILL, C. J., CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT and P. BROWN, JJ., concur in the judgment.