Brown, Attorney General, Appellant, v. Borchers Ford, Inc., et al., Appellees.

[Cite as Brown v. Borchers Ford, Inc. (1978), 53 Ohio St. 2d 171.]

(No. 77-1288—Decided March 15, 1978.)

*Mr. William J. Brown*, attorney general, *Mr. Robert S. Tongren* and *Mr. Jay McKirahan*, for appellant.

*Coolidge, Wall, Matusoff, Womsley & Lombard Co., L. P. A., Mr. Roger J. Makley* and *Mr. Joseph Andrew O'Friel*, for appellee Borchers Ford.

*Messrs. Hall & Dawson* and *Mr. David L. Hall*, for appellees White-Allen, Becker and Peffley.

*Per Curiam.* This is an appeal from the judgment rendered by the Court of Appeals as a result of our remand of the cause to that court in *Brown v. Borchers Ford, Inc.* (1977), 50 Ohio St. 2d 38. (The facts are adequately set forth therein.) This remand was necessitated because this court will not resolve immaterial conflicts (see *Pincelli v. Ohio Bridge Corp.* [1966], 5 Ohio St. 2d 41), and consideration by the Court of Appeals as to whether the Attorney General is required to request assurance of voluntary compliance when he investigates consumer fraud on his own initiative, under R. C. 1345.07, could be determinative of this action. The propriety of the Court of Appeals' certification based upon the existence of the conflict between the judgments of the Courts of Appeals on the necessity of requesting assurance of vol-

untary compliance, under R. C. 1345.06, could not therefore be ascertained absent the Court of Appeals' consideration of R. C. 1345.07.

Accordingly, since this court finds that the Court of Appeals had jurisdiction to hear and decide the specific question remanded and that the court failed, upon our prior remand, to consider the effect of R. C. 1345.07, the motion to certify the record is allowed, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed.*

O'NEILL, C. J., CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT, J., dissents.