DOUGHERTY, APPELLANT, *v.* TORRENCE, APPELLEE.

[Cite as as Dougherty *v.* Torrence (1984), 10 Ohio St. 3d 139.]

(No. 83-795—Decided April 18, 1984.)

*Gustin & Lawrence Co., L.P.A., Mr. James W. Gustin* and *Mr. Kevin Jones,* for appellee.

*Mr. Wendall Sullivan, Mr. Joseph M. Fischer* and *Mr. John P. Scahill,* for appellant.

*Per Curiam.* In *Dougherty I,* this court issued a clear directive on remand to the court of appeals. Although the lower court is technically correct in that appellant had originally briefed only one assignment of error, we specifically

ordered a consideration of the issue of whether the operation of a personal vehicle precludes R.C. 701.02 immunity status. An inferior court has no discretion to disregard the clear mandate of a superior court. *State, ex rel. Potain,* v. *Mathews* (1979), 59 Ohio St. 2d 29, 32 [13 O.O.3d 17]. See, also, *Brown* v. *Borchers Ford, Inc.* (1978), 53 Ohio St. 2d 171 [7 O.O.3d 319].

We therefore repeat our directive to the court of appeals to consider the issue of whether R.C. 701.02 immunity attaches when the fireman is operating his personal vehicle on the way to the firehouse in response to an emergency call, on the arguments as briefed in that court originally.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment only.