OPINION
{¶ 1} Appellant Brent J. Harris appeals his felony sentences in the Ashland County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 7, 2005, appellant appeared before the trial court for sentencing, having previously pled guilty to one count of robbery, a felony of the second degree in violation of R.C. 2911.02(A) (2), one count of theft, a felony of the fifth degree in violation of R.C.2913.02(A) (1), and one count of tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A) (1). The trial court sentenced appellant to the maximum terms of eight years for the robbery charge, one year on the theft charge, and two years for the tampering with evidence charge. The court ordered the sentences to be served concurrently.
 {¶ 3} Appellant filed a timely notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE WAS UNCONSTITUTIONAL AS IT WAS BASED ON AN UNCONSTITUTIONAL STATUTE."
 I. {¶ 5} In his sole assignment of error, appellant argues that the trial court's imposition of maximum sentences is unconstitutional pursuant toUnited States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and State v.Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, 845 N.E.2d 470. We agree.
 {¶ 6} In Foster the Court found, in relevant part to appellant's assignment of error, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61.
 {¶ 7} The Court found both provisions to be unconstitutional under the United States Supreme Court decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct.2348, 147 L.Ed.2d 435, and Blakely v.Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. However, the Ohio Supreme Court in Foster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C.2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 8} The Court in Foster, supra, provided the following instructions to the lower courts: "[t]hese cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order re-sentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 9} "Under R.C. 2929.19 as it stands without (B) (2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66L.Ed.2d 328". Id. at ¶ 104-105.
 {¶ 10} Before imposing a greater/harsher sentence, the trial courts should be mindful of the restraints set forth in North Carolina v.Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072. As the Pearce decision emphasized "the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id. at 2081.
 {¶ 11} The Ohio Supreme Court has affirmed decisions to remand because of Blakely even though the trial courts in those cases failed to make the statutorily required findings. See In re Ohio Criminal SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109 (affirming bothState v. Baccus, 1st Dist. No. C-040028, 2005-Ohio3407, and State v.Mason, 8th Dist. No. 84061, 2004-Ohio-5388).
 {¶ 12} We have no discretion to disregard the clear mandate of the Ohio Supreme Court. Dougherty v. Torrence (1984), 10 Ohio St.3d 139,141.
 {¶ 13} In this case, the trial court followed the dictates of R.C.2929.14(C) when sentencing appellant. Accordingly, his sentence violated his Sixth Amendment right to a trial by jury and this case must be remanded for re-sentencing pursuant to the Ohio Supreme Court's mandate in Foster.
 {¶ 14} The State of Ohio concedes that this case must be returned to the trial court for re-sentencing.
 {¶ 15} Accordingly, appellant's sentence is ordered vacated and this case is remanded to the trial court for re-sentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision.
By Gwin, P.J.,
Farmer, J., and
Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's sentence is ordered vacated and this case is remanded to the trial court for resentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in theFoster decision. Costs to appellee.