DECISION AND JUDGMENT
{¶ 1} Defendant-appellant, John Jackson, appeals the August 2, 2007 judgment of the Lucas County Court of Common Pleas which, following appellant's no contest plea to two counts of aggravated robbery, sentenced appellant to 17 years of imprisonment. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} On January 26, 2007, appellant was indicted on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), and two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1). The aggravated robbery counts also contained firearm specifications, in violation of R.C. 2941.145. The charges stemmed from two bank robberies occurring on September 14, 2000, and May 15, 2001. The indictment also charged three alleged accomplices.
 {¶ 3} On February 16, 2007, appellant entered a not guilty plea to the charges. On June 20, 2007, appellant withdrew his not guilty plea and entered a no contest plea to two counts of aggravated robbery and one firearm specification. Pursuant to an agreement with the state, the engaging in a pattern of corrupt activity charge and one firearm specification were dismissed. On August 2, 2007, appellant was sentenced to seven years of imprisonment on each aggravated robbery count, to be served consecutively, and a mandatory three years of imprisonment for the firearm specification, for a total of 17 years. This appeal followed.
 {¶ 4} Appellant now raises the following two assignments of error for our consideration:
 {¶ 5} "First Assignment of Error: The appellant's conviction must be overturned because the indictment failed to charge the mens rea element of the crime.
 {¶ 6} "Second Assignment of Error: The trial court abused its discretion by sentencing the appellant to a total of seventeen years in prison." *Page 3 
 {¶ 7} In appellant's first assignment of error, he contends that the indictment was defective because it failed to charge the recklessly mens rea. In support, appellant relies on the Supreme Court of Ohio's case captioned State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624. Conversely, the state argues that there is no mens rea required for aggravated robbery with a firearm specification.
 {¶ 8} In State v. Colon ("Colon I"), the court held that where an indictment for robbery failed to contain the applicable reckless element, the issue was not waived where the defendant failed to raise the defect in the trial court. Id. at syllabus. The Colon I court then determined that the defect was a "structural error" because the defective indictment "permeated" the entire trial. Id. at ¶ 29-31.
 {¶ 9} On reconsideration, the Supreme Court of Ohio clarified its rulings. State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 ("ColonII"). The court first noted that the Colon I decision was prospective in nature. Id. at ¶ 3. The court then stressed that the facts in theColon I decision were "unique" in that "the defective indictment resulted in several other violations of the defendant's rights." Id. at ¶ 6. The court then concluded that the structural-error analysis is appropriate only in "rare" cases and that "in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis." Id. at ¶ 8. The court then emphasized that the "syllabus in Colon I is confined to the facts in that case." Id.
 {¶ 10} Appellant argues that, just as in Colon I, the indictment is defective because it failed to include the mens rea element of recklessly for the aggravated robbery charge. *Page 4 
Appellant was charged with two counts of aggravated robbery under R.C. 2911.01(A)(1), which provides:
 {¶ 11} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 12} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it; * * * ."
 {¶ 13} The Supreme Court of Ohio, in State v. Wharf,86 Ohio St.3d 375, 1999-Ohio-112, held that "[t]o establish a violation of R.C. 2911.02(A)(1), it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery." Id. at paragraph two of the syllabus. The Wharf court stated that "the General Assembly intended that a theft offense, committed while an offender was in possession or control of a deadly weapon, is robbery and no intent beyond that required for the theft offense must be proven." Id. at 377.
 {¶ 14} In State v. Ferguson, 10th Dist. No. 07AP-640, 2008-Ohio-3827, the court applied Wharf in a post-Colon case. In Ferguson, the appellant argued that, under Colon, the indictment charging him with aggravated robbery and robbery was defective because it omitted the recklessness mens rea. Id. at ¶ 31. The court first noted that the charge at issue was, unlike Colon, R.C. 2911.01(A)(1). The court then noted "that although Wharf *Page 5 
involved an examination of R.C. 2911.02(A)(1), [1] its holding has been held applicable to R.C. 2911.01(A)(1)." Id. at ¶ 46, citingState v. Kimble, 7th Dist. No. 06 MA 190, 2008-Ohio-1539. TheFerguson court concluded that the statute was unaffected by theColon holding. Id. at ¶ 50.
 {¶ 15} This court has also held that R.C. 2911.01(A)(1) is a strict liability offense for which no mens rea need be proven. See State v.Mason, 6th Dist. No. L-06-1404, 2008-Ohio-5034; State v. Harris, 6th Dist. Nos. L-06-1402, L-06-1403, 2008-Ohio-6168. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 16} In appellant's second assignment of error, he argues that the trial court abused its discretion by sentencing him to 17 years of imprisonment. We first note that appellant was sentenced to two counts of R.C. 2911.01(A)(1), a first degree felony, with a sentencing range from three to ten years. R.C. 2929.14(A)(1). Further, appellant was subject to a mandatory three-year prison term for the firearm specification. R.C. 2941.145.
 {¶ 17} Under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, *Page 6 
consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. However, Foster still requires sentencing courts to consider "the statutory considerations" and "factors" in the "general guidance statutes," R.C. 2929.11 and 2929.12, in imposing sentences, as these statutes do not include a "mandate for judicial fact-finding." Id. at ¶ 36-42. "R.C. 2929.11 states that the court `shall be guided by' the overriding purposes of felony sentencing * * *." Id. at ¶ 36. R.C. 2929.11 lists matters to be considered "in achieving those purposes." Id.
 {¶ 18} "The second general statute, R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." Id. at ¶ 37.
 {¶ 19} In the present case, before imposing sentence the trial court stated that it had reviewed the presentence investigation report and several letters written on appellant's behalf. The court also stated that it had considered the principles and purposes of sentencing under R.C. 2929.11, as well as R.C. 2929.12, the seriousness and recidivism factors. The trial court stated that appellant was an active participant in the robberies and that "the offenses took considerable planning." The court noted that *Page 7 
although no one was physically hurt, "the emotional trauma that has been caused these people can't be measured."
 {¶ 20} Based on the foregoing, we find that the trial court acted within its discretion when it sentenced appellant. The trial court reviewed the necessary statutory considerations and factors, and the sentence imposed was within the statutory range. This court has consistently held, post-Foster, that the sentencing court is not required to make any findings on the record in considering R.C. 2929.11
and .12. Cf State v. Like, 6th Dist. No. WM-08-002, 2008-Ohio-4615, ¶ 11;State v. Salinas, 6th Dist. No. WM-07-017, 2008-Ohio-3580, ¶ 8-9;State v. Kocian, 6th Dist. No. OT-07-018, 2008-Ohio-74, ¶ 10. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 21} On consideration whereof, the court finds that substantial justice has been done the party complaining. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] R.C. 2911.02(A)(1) provides:
"(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
"(1) Have a deadly weapon on or about the offender's person or under the offender's control; * * *." *Page 1