The STATE of Ohio, Appellee,

v.

JONES, Appellant.

[Cite as *State v. Jones,* 181 Ohio App.3d 435, 2009-Ohio-1500.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 07 MA 200.

Decided March 24, 2009.

Paul Gains, Mahoning County Prosecuting Attorney, and Ralph Rivera, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Daniel Jones and Spencer Cahoon, Assistant Public Defenders, for appellant.

Per Curiam.

{¶ 1} Defendant-appellant, Larese Jones, has filed a motion to certify a conflict to the Ohio Supreme Court. He proposes that we certify the question of whether there is strict liability for the aggravated-robbery element requiring that the defendant "display the weapon, brandish it, indicate that [he] possesses it, or use it," or whether recklessness is the mens rea for this element. See R.C. 2911.01(A)(1). However, we cannot certify a conflict under the circumstances existing herein.

{¶ 2} Notably, this court ruled in favor of appellant on this issue. That is, we agreed with his argument that the mens rea for the brandish element is recklessness. Although this portion of the opinion may have conflicted with

opinions of other districts,[1] we ruled in appellant's favor on this question. He is improperly seeking to certify a conflict on an issue on which he prevailed. Likewise, the state's argument on the proper mens rea may have been unsuccessful; however, the state prevailed as to the effect of the error; that is, we still affirmed appellant's conviction.[2]

{¶ 3} We proceeded to rule that the error was harmless and did not permeate the entire trial as necessary for structural error under *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, and 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169. Specifically, the trial court had instructed the jury that the mental state for this particular brandish element was "knowingly" (expressly in addition to instructing that "knowingly" was the mental state for theft). Thus, there was no indication to the jury that strict liability applied to this element, negating any claim of structural error. Since the mental state of "knowingly" is harder for the state to prove than recklessness, there was no prejudice to the defense necessary for recognition of the alternate doctrine of plain error.

{¶ 4} This is the determinative portion of our opinion. *Yet, this dispositive decision is not alleged to be in conflict with the decisions of any other districts, and the question of harmlessness is not sought to be certified.* We could have refused to even issue a ruling one way or the other on the specific mens rea issue, and we would still have ended with the same conclusion. Thus, neither party can seek certification of this portion of our opinion.

{¶ 5} The Constitution states that certification of a conflict is proper only when a "judgment" of this court is in conflict with a "judgment" pronounced on the same question by another court of appeals. Section 3, Article IV, Ohio Constitution. When the judgments being compared both affirmed the conviction but for different reasons, the judgments themselves are not in conflict. Rather, it is only the reasons provided that are different. When the conflicting reasons are not dispositive of both cases, a conflict need not be certified. See *Dombroski v. Wellpoint, Inc.* (Nov. 13, 2007), 7th Dist. No. 06BE60, citing *Lyons v. Lyons*

---

1. Appellant cites the following cases as being in conflict with our decision: *State v. Jelks,* 3d Dist. No. 17–08–18, 2008-Ohio-5828, 2008 WL 4831480; *State v. Peterson,* 8th Dist. No. 90263, 2008-Ohio-4239, 2008 WL 3870695; and *State v. Ferguson,* 10th Dist. No. 07AP–640, 2008-Ohio-3827, 2008 WL 2932005. The state adds *State v. Williamson,* 2d Dist. No. 22878, 2008-Ohio-6246, 2008 WL 5064864; *State v. Lucas,* 5th Dist. No. 2007CA292, 2009-Ohio-19, 2009 WL 27336; and *State v. Jackson,* 6th Dist. No. L–07–1281, 2008-Ohio-6805, 2008 WL 5341007.

2. We also note that App.R. 25(A) provides only ten days to file a motion to certify, and App.R. 25(B) provides a party "opposing the motion" ten days to respond. Where the state's response seems to be seeking certification rather than opposing the defendant's motion, the state's response is actually an untimely motion to certify when it is filed more than ten days after the entry of our judgment.

(Oct. 4, 1983), 10th Dist. No. 82AP–949, 1983 WL 3715. As the Supreme Court has stated:

{¶ 6} "There is no reason for a Court of Appeals to certify its judgment as conflicting with that of another Court of Appeals where, as here, the point upon which conflict exists had no arguable effect upon the judgment of the certifying court." *Pincelli v. Ohio Bridge Corp.* (1966), 5 Ohio St.2d 41, 44, 34 O.O.2d 55, 213 N.E.2d 356. See also *State ex rel. WBNS TV, Inc. v. Dues,* 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 19, quoting this portion of *Pincelli.*

{¶ 7} To reiterate, even if we had resolved the particular mens rea question the opposite way, or even if our resolution of this particular question sought to be certified were to be reversed, there would be no effect on our actual judgment, as this would mean only that the state was not required to prove any mens rea for the brandish element. Appellant's conviction was affirmed under our recklessness analysis, and his conviction would be even more easily affirmed under the strict-liability analysis used in the cases sought to be certified as in conflict with ours.

{¶ 8} In other words, any conflict on the applicable mens rea is immaterial to the results in this case. The Constitution does not require the resolution of immaterial conflicts. *Brown v. Borchers Ford, Inc.* (1977), 50 Ohio St.2d 38, 40, 4 O.O.3d 89, 361 N.E.2d 1063; and *Brown v. Borchers Ford, Inc.* (1978), 53 Ohio St.2d 171, 7 O.O.3d 319, 373 N.E.2d 1233. Because appellant prevailed on the question sought to be certified and because that question is not determinative to the outcome of our judgment due to our subsequent harmless-error analysis, we have not been presented with a proper certification topic.

{¶ 9} We also note that regarding the issue sought to be certified, our opinion specifically relied upon a recent Supreme Court case. *State v. Davis,* 119 Ohio St.3d 113, 2008-Ohio-3879, 892 N.E.2d 446. Although that case was a summary decision reversing on the authority of *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, the effect of the *Davis* decision was to apply *Colon's* recklessness element to the brandish element of aggravated robbery.[3] Thus, it

---

**3.** {¶ a} The Supreme Court's *Davis* decision was a natural and anticipated step from the court's holding in *State v. Wharf* (1999), 86 Ohio St.3d 375, 715 N.E.2d 172. Contrary to the suggestions in some of the appellate cases cited supra, *Wharf* only applied strict liability to the element of possession of a firearm during a robbery. Id. at 377–378. *Wharf* expressed that recklessness would apply to an additional element of using or brandishing such firearm as is applicable to an aggravated robbery. The court announced:

{¶ b} "Thus, no use, display, or brandishing of a weapon, or intent to do any of the aforementioned acts, is necessary according to the plain language of the [robbery] statute. Had the legislature so intended, it certainly could have required a level of conduct more severe than it did in order to show a violation of the statute. Thus, by employing language making mere possession or control of a deadly weapon, as opposed to actual use or intent to

could be said that cases that do not cite the new *Davis* case are not in conflict with our case but are in conflict with the effect of the Supreme Court's *Davis* holding.

{¶ 10} For the foregoing reasons, the motion to certify a conflict is hereby denied.

Motion denied.

VUKOVICH, P.J., and DEGENARO, J., concur.

DONOFRIO, J., concurs separately.

DONOFRIO, JUDGE, concurring.

{¶ 11} I agree with the per curiam opinion that appellant's motion to certify a conflict should be denied. I also agree with the majority of the reasoning set out in the opinion. I write separately simply to express my opinion that the reasoning in ¶ 9 makes an assumption regarding a conflict between cases from our sister districts with the *Davis* case that I do not wish to make.

---

use, a violation, it is clear to us that the General Assembly intended that R.C. 2911.02(A)(1) be a strict liability offense." Id. at 388, 715 N.E.2d 172.