[Cite as *Peters v. Tipton*, 2015-Ohio-3307.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THOMAS D. PETERS | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | CASE NO. 13 HA 10 |
| | ) | |
| PAMELA M. TIPTON, et al. | ) | OPINION |
| | ) | AND |
| DEFENDANTS-APPELLEES | ) | JUDGMENT ENTRY |

CHARACTER OF PROCEEDINGS:    Application for Reconsideration

JUDGMENT:    Denied

APPEARANCES:
For Appellant    Robert W. Kerpsack
Robert W. Kerpsack Co., LPA
655 Metro Place South, Suite 255
Columbus, Ohio 43017-5389

For Appellee Westchester Fire    Pamela K. Ginsburg
Insurance Co.    Ulmer & Berne, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

For Appellee Great American    Edward M. Ryder
Insurance Company    David K. Frank
Mazanec, Raskin & Ryder Co, L.P.A.
175 South Third Street, Suite 1000
Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: August 11, 2015

PER CURIAM.

**{¶1}** Appellant Thomas D. Peters has filed a second application for reconsideration pursuant to App.R. 26(A)(1), this time requesting that we reconsider our July 15, 2015 judgment entry dismissing as untimely his first application for reconsideration and motion to certify a conflict directed to our merit determination. Appellees Great American Insurance Company and Westchester Insurance Company have opposed this latest post-appeal motion.

**{¶2}** Our merit determination in *Peters v. Tipton,* 7th Dist. No. 13HA10, 2015-Ohio-2323 was filed with the Harrison County Clerk of Courts Friday, June 12, 2015; the clerk mailed the opinion to the parties and noted service by mail on the docket on that date as well. Peters filed his first application for reconsideration and motion to certify a conflict on June 25, 2015. In an unreported judgment entry dated July 15, 2015 we dismissed both the application and motion as untimely; the 10 days provided by the Appellate Rules ran on Monday, June 22, 2015, and Peters' filing was three days late on Thursday, June 25, 2015.

**{¶3}** A reconsideration application must call to the attention of the appellate court an obvious error in its decision or point to an issue that was raised to the court but was inadvertently either not considered at all or not fully considered. *Juhasz v. Costanzo*, 7th Dist. No. 99–C.A.–294, 2002 WL 206417, (Feb. 1, 2002). An application for reconsideration may not be utilized where a party simply disagrees with the conclusion reached and the logic used by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005–Ohio–3828, ¶2; *Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005–Ohio–1766, ¶16.

**{¶4}** Peters asserts that we erroneously determined his application for reconsideration and motion to certify a conflict was untimely. In making that determination we relied upon App.R. 26(A)(1)(a) and 25(A), which govern applications for reconsideration and motions to certify a conflict respectively, both of which provide that both post-appeal pleadings can be filed no later than ten days after the clerk has both mailed the parties the judgment and made a note on the docket of the mailing.

**{¶5}** Peters relies upon *State v. Weaver*, 7th Dist. No. 12BE21, 2013-Ohio-

898; he argues the panel there held that because Weaver was served with the original decision by mail, pursuant to App.R. 14(C) he had an additional three days added to the time within which to file post-appeal motions, specifically *13 days* to file an application for reconsideration. *Id.* at ¶15. Thus, Peters asserts that his June 25 application was timely pursuant to *Weaver*, having been filed 13 days after our opinion in this case was released. His analysis fails for several reasons.

{¶6} First, the language relied upon by Peters in *Weaver* was dictum, which is ill-advised to include in an opinion because it is not controlling and can create confusion, as the instant appeal readily demonstrates. Obiter dictum, dictum and dicta are interchangeable terms defined by the Ohio Supreme Court as " 'an incidental and collateral opinion uttered by a judge, and therefore (as not material to his decision or judgment) not binding.' " *State ex rel. Gordon v. Barthalow*, 150 Ohio St. 499, 505–506, 83 N.E.2d 393 (1948), quoting Webster's New International Dictionary (2d Ed.). Stated differently, dicta or dictum is an observation or statement in an opinion by the writing judge—which may or may not be joined by the majority of the panel—which is unnecessary to resolution of the issues in the case and therefore lacks precedential value. Black's Law Dictionary 1102 (8th Ed.2004) ("a judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential."); *see also Duck v. Cantoni*, 4th Dist. No. 11CA20, 2012-Ohio-351, ¶ 25.

{¶7} Secondly, the dictum in *Weaver* is an anomaly from the case law in this district relative to the strict time constraints governing reconsideration applications and conflict certification motions. *See, e.g.*, *State v. Wellington*, 7th Dist. 14 MA 115, 2015-Ohio-2095, ¶4 (application for reconsideration untimely when not filed within ten days of entry on the docket); *State v. McClendon*, 7th Dist. No. 11 MA 15, 2013-Ohio-5881, ¶2, (application for reconsideration untimely when filed 11 days after clerk mailed the parties the judgment); *Rutushin v. Arditi*, 7th Dist. No. 12 MA 114, 2013-Ohio-2167, ¶2 ("An application for reconsideration of an appellate decision can be filed no later than ten days after the clerk has both mailed the parties the judgment and made a note on the docket of the mailing.") *Scott v. Falcon Transport Co.*, 7th

Dist. No. 02 CA 145, 2004-Ohio-389, ¶2 (finding a request for reconsideration was untimely because it was "filed more than ten days after our opinion was filed"); *State v. Hess*, 7th Dist. No. 02 JE 36, 2004-Ohio-1197, ¶4 (refusing to address an application for reconsideration not filed within ten days after the announcement of the court's decision). *See also State v. Jones*, 181 Ohio App.3d 435, 2009-Ohio-1500, 909 N.E.2d 191, ¶2, (7th Dist.) fn. 2 ("We also note that App.R. 25(A) provides only ten days to file a motion to certify, and App.R. 25(B) provides a party 'opposing the motion' ten days to respond. Where the state's response seems to be seeking certification rather than opposing the defendant's motion, the state's response is actually an untimely motion to certify when it is filed more than ten days after the entry of our judgment."); *State v. Yeager*, 7th Dist. No. 03CA786, 2004-Ohio-4406, ¶1 (motion to certify conflict untimely where appellant failed to file motion within the 10-day time limit set forth in App.R. 25(A)).

{¶8} Finally, in a recent unpublished judgment entry, this court expressly overruled *Weaver*, restoring consistency to the Seventh District's jurisprudence relative to calculating the time within which to calculate the timely filing of post-appeal motions:

> Appellant suggests that the time for filing his application for reconsideration was extended by App.R. 14(C), which states: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other document upon that party and the notice or paper is served upon the party by mail or commercial carrier under App.R. 13(C)(4), three days shall be added to the prescribed period." Courts have generally held that App.R. 14(C) does not apply to applications for reconsideration because the event that triggers the 10-day time period for filing the application is not "service of a notice." The time period begins to run "after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App.R. 30(A)." App.R. 26(A)(1)(a). "Since our decisions do not require a response or require service upon a party in which he must respond, it appears that the three-day

rule does not apply to motions for reconsideration." *Dever v. Dever*, 12th Dist. No. CA-98-07-050, 1999 WL 527843, at *1; *see also, State v. Boone*, 114 Ohio App.3d 275, 277, 683 N.E.2d 67 (7th Dist.1996). To the extent we may have implied that App.R. 14(C) does apply to extend the time to file an application for reconsideration in *State v. Weaver*, 7th Dist. No. 12 BE 21, 2013-Ohio-898, we now overrule this reasoning. The three-day mail rule found in App.R. 14(C) does not apply to extend the 10-day time limit for filing an application for reconsideration.

*State v. Gilmore*, 7th Dist. No. 11MA30 (Jan. 21, 2015) (unpublished judgment entry.)

**{¶9}** Consistent with our precedent regarding the time allotted by App.R. 25 and 26 to file post-appeal motions, the *Gilmore* panel reversed *Weaver.* The three-day mail rule in App.R. 14(C) remains inapplicable to applications for reconsideration and motions to certify a conflict.

**{¶10}** In sum, Peters' second application for reconsideration fails to call to attention an obvious legal error in our judgment, or an issue that was raised but not fully considered in our judgment dismissing his first application for reconsideration and motion to certify a conflict as untimely. Accordingly, his application for reconsideration is denied.

DeGenaro, J., concurs

Waite, J., concurs

Robb, J., concurs