[Cite as *State v. Griffin*, 2024-Ohio-412.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHARLES GRIFFIN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0126**

---

Motion for Reconsideration

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

Charles Griffin, *Pro se*, Defendant-Appellant.

Dated: February 5, 2024

**PER CURIAM.**

**{¶1}** Appellant Charles Griffin has filed an application for reconsideration pursuant to App.R. 26(A)(1), asking this Court to reconsider its November 2, 2023 Opinion and Judgment Entry affirmance of the trial court's denial of his motion to withdraw his guilty plea to attempted rape. *State v. Griffin,* 7th Dist. Mahoning No. 22 MA 0126, 2023-Ohio-4011. For the following reasons, we deny Appellant's application as untimely filed and find that it would otherwise be without merit.

**{¶2}** App.R. 26(A)(1)(a) provides that an "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."

**{¶3}** This court's Opinion and Judgment Entry were mailed to Appellant on November 2, 2023 and a note relevant to this mailing was placed on the docket on the same date. To be timely, Appellant's application had to be filed no later than November 13, 2023, as the tenth day fell on a Sunday. However, Appellant filed his application on November 14, 2023, one day after the deadline. Appellant did not file a motion for an enlargement of time.

**{¶4}** We have previously refused to consider an application for reconsideration filed one day after the filing deadline. *See State v. Perdue*, 7th Dist. Mahoning No. 16 MA 0156, 2018-Ohio-252. We note that the three-day mailing rule of App.R. 14(C) does not apply to applications for reconsideration or motions to certify a conflict. *See State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-3974, ¶ 2; *Peters v. Tipton*, 7th Dist. Harrison No. 13 HA 10, 2015-Ohio-3307.

**{¶5}** We may enlarge the time to accept an application for reconsideration based on a showing of extraordinary circumstances*. Panezich, supra*, at ¶ 2. However, Appellant fails to address his tardiness in filing his application. Accordingly, Appellant's application for reconsideration is untimely and will not be considered.

**{¶6}** Even if we had considered the application, it does not raise an obvious error or an issue that we did not consider or fully consider in our decision. App.R. 26 provides for the filing of an application for reconsideration, but includes no guidelines to use in determining whether a decision should be reconsidered and changed. *Matthews v.*

Case No. 22 MA 0126

*Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the application calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* "Mere disagreement with this Court's logic and conclusions does not support an application for reconsideration." *State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017, 2018-Ohio-860, ¶ 12. Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶7} Appellant contends that we erred by applying res judicata to bar his motion to withdraw his guilty plea which was based on trial counsel's ineffectiveness for failing to obtain a lesser charge than that to which he entered a guilty plea. He asserts that counsel also failed to inform him of the elements of lesser charges than the offense to which he pled guilty. He submits that we erred by finding that he could not meet the deficient performance prong of ineffective assistance of counsel.

{¶8} We fully addressed the issue of res judicata. We noted that Appellant entered his guilty plea on July 15, 2019 to attempted rape and we affirmed the trial court's judgment as to Appellant's direct appeal on December 8, 2020. Appellant's sole issue on direct appeal was the trial court's failure to inform him of the lifetime registration requirement as a Tier III sex offender.

{¶9} Appellant could have raised the issue of counsel's alleged ineffectiveness for failing to advise him of the elements of lesser charges than that to which he pled guilty or counsel's alleged failure to obtain a plea offer to a lesser charge. Appellant knew the offer before him, signed a plea agreement, engaged in a plea colloquy with the court, and entered a guilty plea. He knew the facts of his case and the evidence against him, which included a surveillance video. He also knew the elements of the charge to which he was pleading guilty. Thus, to the extent that he could rely on evidence on the record, we applied res judicata.

{¶10} However, even accepting that res judicata did not apply, we held that Appellant could not establish deficient performance of counsel or a manifest injustice in order to withdraw his guilty plea. We noted that it was not until September 8, 2022, nearly

two years after his initial plea, when Appellant raised the ineffectiveness of counsel for failing to obtain a lesser charge for a plea or to advise him of the elements of lesser charges. Citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14, we held that this two-year delay in asserting the ineffectiveness of trial counsel militated against granting the motion.

{¶11} We also noted that Appellant entered a guilty plea to attempted rape before the court with his counsel and the prosecution present. He signed a plea agreement outlining the attempted rape charge, which included a recommended sentence of 7 years in prison rather than the 11 years he was facing on the original charge of rape. There was no evidence that the prosecution would have accepted a guilty plea to any other charge, or a lesser charge. When Appellant entered his guilty plea, he knew the prosecution's offer before him, the facts of the case, and the evidence against him. Appellant appears to merely disagree with our decision and presents no new issue in his instant application.

{¶12} For these reasons, we deny Appellant's application for reconsideration as he fails to establish obvious error or lack of consideration of all issues in our Opinion.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 22 MA 0126</u>