[Cite as *State v. Herns*, 2024-Ohio-2023.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

FRANKLIN CHARLES HERNS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0055**

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Franklin Charles Herns*,* Defendant-Appellant.

Dated: May 24, 2024

**PER CURIAM.**

{¶1}   On April 4, 2024, Appellant, Franklin Charles Herns, acting pro se, filed an application for reconsideration of our opinion and judgment entry issued on March 21, 2024, affirming his conviction for one count of rape in violation of R.C. 2907.02(A)(2), in *State v. Herns,* 7th Dist. Mahoning No. 23 MA 0055, 2024-Ohio-1099. The state filed a response brief on April 5, 2024, asserting the application was untimely and should otherwise fail on the merits, as Appellant had not identified an obvious error or an issue not fully considered in our March 21, 2024 opinion and judgment entry.

{¶2}   App.R. 26(A)(1)(a) provides, in its entirety, "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."

{¶3}   Our March 21, 2024 opinion and judgment entry were mailed to Appellant on March 22, 2024 and a note relevant to this mailing was placed on the docket on the same day, thereby creating a deadline of April 1, 2024 for a timely application.  However, Appellant filed his application on April 4, 2024. Appellant did not file a motion for an enlargement of time.

{¶4}   We have previously refused to consider an application for reconsideration filed one day after the filing deadline. *State v. Perdue*, 7th Dist. Mahoning No. 16 MA 0156, 2018-Ohio-252. Moreover, the three-day mailing rule of App.R. 14(C) does not apply to applications for reconsideration or motions to certify a conflict. *See State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-3974, ¶ 2; *Peters v. Tipton*, 7th Dist. Harrison No. 13 HA 10, 2015-Ohio-3307.

{¶5}   While we may enlarge the time to accept an application for reconsideration based on a showing of extraordinary circumstances, *Panezich*, *supra*, at ¶ 2, Appellant has failed to articulate any reason for the delay. Accordingly, we decline to consider Appellant's untimely application for reconsideration.

{¶6}   Even if we were to consider the application, Appellant does not raise an obvious error or an issue that we did not consider or fully consider in our decision. App.R. 26 provides for the filing of an application for reconsideration, but provides no standard to determine whether a decision should be reconsidered.  The test generally

applied in this District is "whether the application calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been." *State v. Griffin*, 7th Dist. Mahoning No. 22 MA 0126, 2024-Ohio-412,

**{¶7}** "Mere disagreement with our logic and conclusions does not support an application for reconsideration." *State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017, 2018-Ohio-860, ¶ 12. Rather, App.R. 26 provides a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶8}** In the application for reconsideration, Appellant challenges our determination that pre-indictment delay of nine years did not cause actual prejudice to his defense. Appellant argued in his original brief that notes from the victim's interview on September 6, 2013 with licensed social worker, Cynthia Carter, which were missing from the criminal case file, would have minimized or eliminated the impact of the victim's testimony at trial.

**{¶9}** In our March 21, 2024 opinion and judgment entry, we opined that Appellant's actual prejudice argument was predicated upon speculation regarding the contents of the missing notes. Moreover, there was no evidence in the record to establish defense counsel's efforts to locate Cynthia Carter. Instead, defense counsel relied on the representation of Detective Sergeant Jessica Shields, who reopened the investigation in 2022, that Cynthia Carter had retired and could not be found. Finally, the victim testified that her interview with Cynthia Carter had been videotaped. However, Shields testified that social worker interviews are never videotaped.

**{¶10}** Appellant asserts in the application for reconsideration:

What was not fully considered is that the record would also contain a (4th) testimonial evidence from the alleged victim herself during trial where she had mentioned that the conversation that she had with Cynthia Carter was recorded.

That video recorded conversation with Cynthia Carter that was not fully considered in this court's decision would have also established not only that

no rape ever occurred but also it would establish that the alleged victim had refused to press charges during that video recorded conversation before meeting back with the detectives and signing a victim refusal to prosecute form.

(Application at p. 4.)

**{¶11}** In the application for reconsideration, Appellant merely disagrees with our conclusion that his actual prejudice argument predicated upon the notes and videotape (which may not have ever been recorded) from the Cynthia Carter interview relies on speculation regarding the content. To the extent that we fully addressed Appellant's argument regarding the missing Cynthia Carter notes, he has failed to demonstrate that we failed to fully consider their impact on his due process claim.

**{¶12}** For the foregoing reasons, Appellant's application for reconsideration is denied.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**