[Cite as *State v. Bishop*, 2026-Ohio-201.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES K. BISHOP,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 JE 0005

---

Application for Reconsideration

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, for Plaintiff-Appellee.  No Response Filed.

James K. Bishop, Pro se, Defendant-Appellant.

Dated:  January 22, 2026

**PER CURIAM.**

**{¶1}** On November 18, 2025, Appellant James K. Bishop filed a pro se motion seeking reconsideration under App.R. 26(A). We will treat Appellant's motion as an application for reconsideration. Our Opinion in this matter was filed on October 29, 2025. It was mailed to Appellant that same day, and mailing was noted on the docket at the time. App.R. 26(A)(1)(a) requires an application for reconsideration to be filed "no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing . . ." "We have previously refused to consider an application for reconsideration filed one day after the filing deadline." *State v. Griffin*, 2024-Ohio-412, ¶ 4 (7th Dist.). Hence, Appellant's application is untimely and must be dismissed.

**{¶2}** Even if Appellant's application had been timely filed, it has no merit. App.R. 26 does not include guidelines for determining whether a decision should be reconsidered or changed. The test generally applied to an application for reconsideration in the court of appeals is whether the application calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *State v. Wilson*, 2016-Ohio-477, ¶ 23 (7th Dist.). However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Chapman*, 2021-Ohio-2015, ¶ 3 (7th Dist.).

**{¶3}** The judgment entry at issue in the underlying appeal involved denial of a motion for new trial filed on March 3, 2025, which was seven years too late under Crim.R. 33. The basis of the motion was newly discovered evidence about judicial bias. We

explained in our Opinion that for such a delayed motion to be considered by the trial court, the defendant must ask leave of the trial court and must demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the new evidence within the 120-day filing period provided in Crim.R. 33. Appellant failed to explain on appeal how he was unavoidably prevented from discovering new evidence about judicial bias until January 2025, particularly since his own filings in the record of this case show that in 2022 he claimed to have uncovered the alleged judicial basis and the evidence in support. Since Appellant failed to satisfy the requirements of Crim.R. 33, there was no abuse of discretion by the trial court in denying the motion for new trial. This was thoroughly addressed in our original Opinion.

{¶4} Appellant's application for reconsideration was untimely filed and is hereby dismissed.

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 25 JE 0005