[Cite as *Cedar One Properties, Ltd. v. Rudolph*, 2026-Ohio-1260.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

CEDAR ONE PROPERTIES, LTD.
AKA CEDAR ONE REALTY,

Plaintiff-Appellee,

v.

ISIS RUDOLPH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 HA 0003**

---

Civil Appeal from the
Harrison County Court, Harrison County, Ohio
Case No. CVG 2500241

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jeffrey J. Bruzzese*, Bruzzese, Hanlin & Bruzzese, LLC, for Plaintiff-Appellee and

Isis Rudolph, *Pro se,* Defendant-Appellant.

Dated:  April 7, 2026

**HANNI, J.**

{¶1} Defendant-Appellant, Isis Rudolph (Appellant), appeals from a Harrison County Court judgment in favor of Plaintiff-Appellee, Cedar One Properties, Ltd. aka Cedar One Realty (Appellee). The court found that Appellant violated the terms of her lease agreement by failing to pay rent and granted Appellee's forcible entry and detainer action. Appellant vacated the premises.

{¶2} Pro se Appellant asserts six assignments of error. She contends the bankruptcy court violated her due process rights and failed to comply with the Americans with Disabilities Act. She also challenges the bankruptcy court's order granting Appellee relief from the bankruptcy stay as void. She maintains that the county court's eviction judgment is therefore void ab initio because it was based on the void bankruptcy order and issued during an active bankruptcy stay. She further alleges Americans with Disabilities Act (ADA) violations, a void eviction based on legally uncollectible pre-bankruptcy petition rent, and procedural and jurisdictional defects.

{¶3} We note that Appellant's pro se brief fails to comply with a number of appellate rules. She fails to provide a table of contents or a table of cases and statutes as required by App.R. 16(A)(1) and (2). She also fails to provide references to the record or analysis with record and legal citations as required by App.R. 16(A)(6) and (7). Appellant has also failed to provide this Court with a transcript of the county court's eviction hearing as required by App.R. 9.

{¶4} Even addressing her assignments of error, we are unable to address most of them because Appellant challenges the federal bankruptcy procedures and orders, over which neither we nor the county court possess jurisdiction. Further, Appellant fails to specifically identify the procedural and jurisdictional defects she alleges occurred in the county court. She has also failed to provide a transcript of the county court proceedings and we thus presume regularity of those proceedings. Lastly, the county court's judgment entries belie some of Appellant's assertions.

{¶5} Accordingly, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURE

{¶6} Appellant and Appellee entered into a residential lease agreement on July

Case No. 25 HA 0003

22, 2024. On September 11, 2025, Appellee filed a complaint for forcible entry and detainer in Harrison County Court. Appellee asserted it posted a three-day notice on Appellant's door on June 24, 2025 informing her she had to vacate its property. Appellee alleged Appellant failed to pay rent and owed $2,040 in past due rent.

{¶7} The county court issued a summons on September 11, 2025, which included a notice of hearing scheduled for September 29, 2025. The return of summons indicated Appellant was personally served on that date.

{¶8} On September 19, 2025, Appellant filed objections, a motion to stay proceedings, and a request for accommodations under the Fair Housing Act (FHA), the ADA, and the Rehabilitation Act. She requested that the court recognize her pending bankruptcy action. She noted Appellee had motioned for relief from the bankruptcy court's automatic stay. Appellant asserted Appellee's three-day notice to vacate was void because it was issued while her bankruptcy stay was pending. She also alleged she was not served with Appellee's motion for relief from stay. She contended the county court lacked jurisdiction to proceed on eviction until the bankruptcy court ruled on the motion for relief from stay.

{¶9} Appellant also requested accommodations under the FHA, ADA and Rehabilitation Act to meaningfully participate in the proceeding. She identified her disabilities and noted counsel had withdrawn from her case. She stated she attempted to file a disability claim but could not pay the $5 filing fee. She alleged that when she requested that Appellee reasonably accommodate her for nonpayment of rent due to her disabilities, Appellee retaliated by informing her it would not renew her lease.

{¶10} On September 24, 2025, the county court stayed its proceedings based on Appellant's June 17, 2025 filing of a bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio.

{¶11} On September 25, 2025, Appellee submitted to the county court a bankruptcy court order granting it relief from the bankruptcy stay. The bankruptcy order noted that no objections were filed to Appellee's motion for relief and no request was made for a hearing. The bankruptcy court granted Appellee relief from the stay to "pursue its in rem remedies under non-bankruptcy law" for the property from which Appellee

sought Appellant's eviction. The bankruptcy court limited the relief from stay to pursue the eviction and not a monetary judgment.

{¶12} On September 25, 2025, Appellant filed a motion to appear by video for the September 29, 2025 hearing before the county court. On September 29, 2025, the county court issued a judgment entry indicating that hearing was held and Appellant appeared by video without counsel. The county court lifted the bankruptcy stay based on the bankruptcy court's order granting Appellee's motion for relief from the automatic stay. The county court granted Appellee restitution of the premises.

{¶13} On September 30, 2025, Appellant filed a notice of appeal. On the same date, she filed a motion to stay execution of judgment in the county court under Civ.R. 62. She explained she filed an appeal and faced loss of housing, which would prevent her from meaningfully participating in ongoing legal matters. She stated she had disabilities and was indigent and therefore could not post a bond for appeal.

{¶14} On October 1, 2025, the county court issued a judgment entry granting judgment in favor of Appellee. The county court indicated it held a hearing on September 29, 2025, where Appellant appeared via video and Appellee appeared with counsel. The court found service of process perfected on Appellant and she was served with proper notice to vacate the premises. The court indicated it took testimony in accordance with R.C. 1923.07 and found Appellee's complaint allegations true that Appellant failed to pay rent as required under the lease agreement. The court ordered restitution of the premises to Appellee by October 10, 2025. The court also issued a Writ of Restitution and found that after October 10, 2025, Appellant had no right of possession in the premises.

{¶15} On October 2, 2025, the county court issued a judgment entry citing R.C. 1923.14, which outlined a method for a defendant to maintain the premises during an appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond. The court also cited Civ.R. 62, which provides for an appeal and a stay of execution of judgment by giving an adequate supersedeas bond. The court found a bond equal to eight months of rent ($6,400) adequate. The court ordered a stay of the Writ of Restitution upon Appellant's filing of a supersedeas bond in the amount of $6,400 by October 10, 2025.

Case No. 25 HA 0003

{¶16} On October 8, 2025, pro se Appellant filed an emergency motion to enforce the automatic stay and halt eviction proceedings. She cited her bankruptcy case, which she alleged automatically stayed all judicial actions and she alleged she was never served with notice of the motion for relief from stay. She explained she did not respond to the bankruptcy court's granting of relief from the stay because she did not receive notice. She alleged the bankruptcy court lacked jurisdiction to enter its order relieving Appellee from the automatic stay.

{¶17} On October 10, 2025, the county court issued a judgment entry denying Appellant's emergency motion to enforce the automatic stay. The court held it already ruled on Appellant's request for a stay pending appeal and she presented no new evidence from the bankruptcy proceeding.

{¶18} Appellant presents six assignments of error on appeal. They will be addressed out of order for ease of review and analysis.

{¶19} Appellee contends that Appellant offers only conclusory assignments of error without much legal support or analysis, which violates App.R. 16. Appellee further asserts we should overrule all of Appellant's assignments of error because she failed to submit a transcript with her appeal, as required by App.R. 9. Appellee also notes that Appellant failed to raise some of the issues presented in her assignments of error in the trial court, which constitutes a plain error standard of review. And finally, Appellee asserts that the record of proceedings in this case refutes Appellant's third, fourth, fifth, and sixth assignments of error.

## II.    LAW AND ANALYSIS

### A.    APPELLATE RULE VIOLATIONS-ALL ASSIGNMENTS OF ERROR

{¶20} Appellant's pro se brief violates App.R. 16(A), which outlines the contents of appellate briefs. App.R. 16(A) requires an appellant to include in her brief a table of contents with page references and a table of cases arranged alphabetically, along with citations to statutes and other legal authorities with pages references. App.R. 16(A)(1),(2). Appellant's brief lacks these required sections.

{¶21} Further, Appellant provides no reference to the record concerning her assignments of error, as required by App.R. 16(A)(6). Nor does she provide argument or

Case No. 25 HA 0003

analysis with reference to the record or citation to legal authorities in support of her assignments of error, as required by App.R. 16(A)(7).  The only legal authority Appellant cites are two sections of the Federal Bankruptcy Code, a vague reference to a violation of "due process," and a vague reference to the "ADA."

**{¶22}** Appellant has also violated App.R. 9, which requires her to order a transcript of proceedings, file a copy of that order with the court, and ensure that a transcript is filed. App.R. 9(B)(1) imposes a duty on Appellant to ensure that the proceedings she considers necessary to her appeal are transcribed and submitted to the court.  App.R. 9(B)(4) requires Appellant to include the transcript in the record when asserting on appeal that a finding or conclusion is not supported by the evidence or against the weight of the evidence.  If an appellant is unable to afford the cost of having a transcript prepared, she may use a statement of proceedings under App.R. 9(C).  *See* Staff Note (July 1, 2011 Amendment) to App.R. 9, citing *State ex rel. Motley v. Capers,* 23 Ohio St.3d 56, 58 (1986).

**{¶23}** Appellant has not filed a transcript of the county court's bench trial.  Further, the record fails to show that she ordered a transcript or attached a copy of a request for a transcript or an order for a transcript.  The record also fails to show that Appellant filed a statement of proceedings under App.R. 9(C).

**{¶24}** We cannot consider assignments of error where an appellant fails to provide a hearing transcript or an affidavit summarizing evidence presented at the hearing. *Givens v. Klug*, 2022-Ohio-1561, ¶ 11 (7th Dist.).  In such a case, we presume the regularity of the proceedings in the court below. *Id.*  Accordingly, without the transcript of the trial here, we presume the validity of the county court proceedings.

**{¶25}** Further, without a transcript of the trial court proceedings, we cannot determine which, if any, of the issues Appellant raises before us were raised in the court below.  If these issues were not preserved in the court below by objections, they are waived on appeal but for plain error.  In a civil case, "[a] party's failure to object forfeits review for all but plain error, which appellate courts will invoke when the error is of such seriousness that it affects 'the basic fairness, integrity, or public reputation of the judicial process.'"  *Calloway v. McKenna*, 2023-Ohio-3130, ¶ 14 (1st Dist.), quoting *In re I.W.*,

Case No. 25 HA 0003

2019-Ohio-1515, ¶ 14 (1st Dist.) (citing *McNeil v. Kingsley*, 2008-Ohio-5536, ¶ 24 (3d Dist.)).

**{¶26}** Although Appellant has violated the above appellate rules, we shall address her assignments of error to the extent possible.

### B.    ASSIGNMENTS OF ERROR NOS. 1, 2, 6 - DUE PROCESS

**{¶27}** In her first, second and sixth assignments of error, Appellant asserts:

**1.    THE TRIAL COURT ERRED BY ENTERING AN EVICTION JUDGMENT WITHOUT PROPER NOTICE OF THE BASIS OF THE CLAIM, VIOLATING APPELLANT'S DUE PROCESS RIGHTS.**

**2.    THE TRIAL COURT ERRED BY ENTERING JUDGMENT WITHOUT PROVIDING APPELLANT A MEANINGFUL OPPORTUNITY TO BE HEARD, IN VIOLATION OF CONSTITUTIONAL DUE PROCESS.**

**6.    THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO CORRECT PROCEDURAL AND JURISDICTIONAL DEFECTS AFTER APPELLANT NOTIFIED THE COURT.**

**{¶28}** Appellant first complains that the federal bankruptcy order granting Appellee relief from the automatic stay is void because she did not receive service of the motion. She cites Fed. R. Bankr. P. 7004 and contends she did not receive a certificate of service with Appellee's motion for relief from the stay.

**{¶29}** Neither the county court nor this Court can determine the validity of a federal bankruptcy court order. With certain exceptions, federal district courts have original and exclusive jurisdiction of bankruptcy cases. 28 U.S.C. 1334(a). "'Any decision to lift or modify an automatic stay is left to the sound discretion of the bankruptcy court.'" *Greenwood v. Greenwood*, 2013-Ohio-5339 (6th Dist.), quoting *White v. White*, 851 F.2d 170, 174 (6th Cir. 1988). A state court cannot modify this stay, but may determine if proceedings or actions before it are subject to the stay and whether the action it seeks to take is subject to the stay. *Greenwood* at ¶ 19, citing *Dominic's Restaurant of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012).

{¶30} Thus, we cannot review or modify the federal bankruptcy order granting Appellee relief from its stay. Moreover, the record of proceedings in this case includes a copy of the September 25, 2025 bankruptcy court order granting Appellee relief from the automatic stay pertaining to the property at issue in this case. The order states that no objections or hearing requests were timely filed to Appellee's motion for relief from the stay.

{¶31} Appellant contends in her second assignment of error that "due process" was violated because the county court asked her only whether rent had been paid. She submits the county court also failed to consider the bankruptcy stay, the lack of notice, and disability-related barriers. She provides no further details.

{¶32} We find no merit to this assignment of error. The county court conducted a hearing in accordance with R.C. 1923, the eviction statute. Appellant had requested to appear by video or telephone due to her disabilities and the court granted that request. The judgment entry indicated Appellant appeared via Zoom for the hearing. Appellant fails to identify any additional requests that she was refused.

{¶33} Without a copy of the transcript of the county court hearing, we cannot ascertain the questions asked by the court and determine if they only related to whether rent was paid. We must presume regularity in the court proceedings.

{¶34} Further, to the extent Appellant alleges the county court failed to consider her lack of notice of the motion for relief from the stay in bankruptcy court, the county court had no jurisdiction to address this assertion. Neither does this Court. If Appellant is asserting she did not receive notice of the eviction hearing in county court, the county court judgment entry contradicts this assertion as it states she was properly served with process and received proper notice to vacate.

{¶35} In her sixth assignment of error, Appellant reiterates that the bankruptcy court order granting Appellee relief from the automatic stay is void because she was not served with the motion for relief from the stay. This is the same argument that she presents in her first assignment of error. Again, neither the county court nor this Court may review or modify the bankruptcy court's order granting relief from the stay.

{¶36} For these reasons, Appellant's first, second, and sixth assignments of error lack merit and are overruled.

Case No. 25 HA 0003

## C.    ASSIGNMENT OF ERROR NO. 3

**{¶37}** In her third assignment of error, Appellant asserts:

**THE EVICTION JUDGMENT IS VOID BECAUSE IT WAS ENTERED DURING AN ACTIVE FEDERAL BANKRUPTCY AUTOMATIC STAY, IN VIOLATION OF 11 U.S.C. § 362(A).**

**{¶38}** Appellant asserts the county court entered the eviction judgment in violation of the automatic bankruptcy stay. She cites 11 U.S.C. § 362(A) as prohibiting possession actions, collection of rent, and enforcement of judgments. She contends that any action that violates the automatic stay is void ab initio.

**{¶39}** We find no merit to this assignment of error. According to the record before us, Appellee filed its complaint for forcible entry and detainer on September 11, 2025. The complaint included a hearing date for September 29, 2025. Appellant filed an objection to the complaint on September 19, 2025. On September 24, 2025, the county court granted a stay of proceedings upon notification that Appellant had filed a bankruptcy petition.

**{¶40}** The record shows that on September 25, 2025, Appellant filed a motion in the county court to appear by video for the hearing. The record also shows a filing on the record of the bankruptcy court order granting Appellee's motion for relief from the automatic stay for the property in the instant case. The county court proceeded in the eviction action based on the bankruptcy court's granting of Appellee's motion for relief from the stay. Neither the county court nor this Court can rule on whether Appellee violated the bankruptcy stay, especially when the bankruptcy court order shows Appellee was relieved from the stay. Further, the county court limited Appellee's judgment within the parameters of the relief granted Appellee by the bankruptcy court. The bankruptcy court granted relief from the stay to the limited action to pursue eviction and not for a monetary judgment. The county court issued the eviction for the property and no money judgment was granted.

**{¶41}** Accordingly, Appellant's third assignment of error lacks merit and is overruled.

### D.    ASSIGNMENT OF ERROR NO. 4

{¶42}  In her fourth assignment of error, Appellant asserts:

**THE TRIAL COURT FAILED TO SAFEGUARD APPELLANT'S RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT BY NOT ACCOMMODATING HER DISABILITY–RELATED LIMITATIONS IN THE CONTEXT OF THE BANKRUPTCY PROCEEDINGS THAT CONTROLLED THE OUTCOME.**

{¶43}  While Appellant's assignment of error appears directed at the county court, the argument section relates solely to the bankruptcy court case.  Appellant contends she requested electronic filing capability in her bankruptcy case because she is disabled and unable to go to the courthouse.  She asserts the bankruptcy court denied her this capability, which prevented her from defending Appellee's motion for relief from the stay.  She asserts that this violated the ADA.

{¶44}  Again, neither the county court nor this Court may grant relief relating to occurrences or alleged violations in bankruptcy court.  Accordingly, we find no merit to Appellant's fourth assignment of error and it is overruled.

### E.    ASSIGNMENT OF ERROR NO. 5

{¶45}  In her fifth assignment of error, Appellant asserts:

**TRIAL COURT RELIED ON PRE-PETITION RENT THAT WAS LEGALLY UNCOLLECTIBLE AND BARRED BY THE BANKRUPTCY CODE.**

{¶46}  Appellant provides only the following statements with respect to this assertion:

All pre-petition rent is a pre-petition claim.

It cannot be collected during bankruptcy.

The trial court relied on a basis for eviction that federal bankruptcy law expressly prohibits.

{¶47}  Again, Appellant has not provided a copy of the county court hearing transcript.  Thus, we presume regularity in that proceeding.  Insofar as pre-petition rent is

concerned, or any money judgment for that matter, the county court did not grant any money judgment in favor of Appellee. The county court did find that Appellant violated the lease by failing to pay rent. This finding is not prohibited since Appellee was granted relief from the automatic stay to pursue the eviction action.

**{¶48}** Accordingly, we find that Appellant's fifth assignment of error lacks merit and is overruled.

**{¶49}** In summary, Appellant has failed to follow a number of appellate rules, including failing to file a table of contents or a table of cases and statutes as required by App.R. 16(A)(1) and (2). She also fails to provide references to the record or analysis with legal citations as required by App.R. 16(A)(6) and (7). Appellant has also failed to provide this Court with a transcript of the county court's eviction hearing as required by App.R. 9.

**{¶50}** Even addressing her assignments of error, Appellant fails to specifically identify the procedural and jurisdictional defects she alleges occurred in the county court. She alleges errors with the bankruptcy court and its order that neither we nor the county court can address due to that court's exclusive jurisdiction to issue a bankruptcy stay and relief from that stay. Moreover, neither we nor the county court possess authority to modify or alter a bankruptcy stay order or to review bankruptcy proceedings and its rulings as to its procedure. In addition, the county court accommodated Appellant's only request before it for a disability accommodation. The county court also properly entered judgment for Appellee as to forcible entry and detainer as Appellee was granted relief from the automatic bankruptcy stay, the county court held a hearing, and limited its judgment to only the eviction.

**{¶51}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 25 HA 0003

[Cite as *Cedar One Properties, Ltd. v. Rudolph*, 2026-Ohio-1260.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Harrison County Court, Harrison County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**