[Cite as *Cedar One Properties, Ltd v. Rudolph*, 2026-Ohio-2019.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

CEDAR ONE PROPERTIES, LTD.
AKA CEDAR ONE REALTY,

Plaintiff-Appellee,

v.

ISIS RUDOLPH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 HA 0003**

---

Application for Reconsideration

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Jeffrey J. Bruzzese,* Bruzzese, Hanlin & Bruzzese, LLC, for Plaintiff-Appellee and

Isis Rudolph, *Pro se,* Defendant-Appellant.

Dated: May 28, 2026

**PER CURIAM.**

**{¶1}** Appellant Isis Rudolph has filed an application for reconsideration pursuant to App.R. 26(A)(1), asking this Court to reconsider its April 7, 2026 Opinion and Judgment Entry affirming judgment in favor of Appellee, Cedar One Properties, Ltd., aka Cedar One Realty. *Cedar One Properties, Ltd. v. Rudolph*, 2026-Ohio-1260 (7th Dist.). For the following reasons, we deny Appellant's application.

**{¶2}** App.R. 26(A)(1)(a) provides that an application for reconsideration "shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App.R. 30(A)." App.R. 14(A) provides that when a period of time prescribed is less than seven days, intermediate Saturdays, Sundays and legal holidays are excluded in the computation. The day of the act is not included, but the last day of the period computed is included unless it falls on a Saturday, Sunday, or legal holiday. App.R. 14(A). Moreover, the three-day mailing rule of App.R. 14(C) does not apply to applications for reconsideration. *State v. Herns*, 2024-Ohio-2023, ¶ 4 (7th Dist.), citing *State v. Panezich*, 2018-Ohio-3974, ¶ 2 (7th Dist.) and *Peters v. Tipton*, 2015-Ohio-3307 (7th Dist.).

**{¶3}** It is noted that the Harrison County Common Pleas Court docket contains an April 29, 2026 entry stating that our Opinion and Judgment Entry were returned to sender, marked undeliverable as addressed, and unable to be forwarded. However, Appellant filed the instant application for reconsideration on April 21, 2026, well before the mailing was returned. Further, Appellant challenges the substance of our Opinion and Judgment Entry in her application for reconsideration, contending that we did not fully address her assertion that Appellee's three-day notice to vacate was valid. Based on her filings, we presume Appellant received our April 7, 2026 Opinion and Judgment Entry.

**{¶4}** Under App.R. 26(A)(1)(a), Appellant was required to file the instant application on or by April 17, 2026, since our Opinion and Judgment Entry were noted on the docket and mailed to the parties on April 7, 2026. Appellant filed her application on April 21, 2026. Her application is therefore untimely.

**{¶5}** However, App.R. 14(B) allows us to enlarge the time prescribed for applications for reconsideration on a showing of extraordinary circumstances. Based on

Case No. 25 HA 0003

Appellant's statements in her application concerning mail delays, homelessness, and instability, we find that she has made such a showing.

**{¶6}** App.R. 26 allows for the filing of an application for reconsideration, but includes no guidelines in determining whether a decision should be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, (10th Dist. 1981). The test generally applied is whether the application calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id*. "Mere disagreement with this Court's logic and conclusions does not support an application for reconsideration." *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.).

**{¶7}** "'Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.'" *State v. Chapman*, 2021-Ohio-2015, ¶ 3 (7th Dist.), quoting *D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.) (citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996)).

**{¶8}** Appellant alleges a number of errors in our decision. She contends we failed to fully address the controlling issue in this case, which is whether Appellee ever proved that she received valid service of the three-day notice to vacate required by R.C. 1923.04. She submits that proper three-day service was not effectuated and thus the entire eviction action was invalid.

**{¶9}** Appellant further contends the bankruptcy proceeding did not provide her a meaningful avenue to challenge the lack of three-day service because she had financial constraints. She also cites to our docket entries as evidence that she experienced issues regarding her non-receipt of court communications and filings. She maintains that even with a valid post office box, she sometimes did not receive court mailings. She also explains that her homelessness, unstable housing, survival needs, and her disability contributed to her delayed responses and inabilities to maintain her court papers safely.

**{¶10}** Finally, Appellant contends that the Magistrate's Order in this case finding that she had waived oral argument also compounded the issue as her pro se status, disabilities, and homelessness, as well as the showing that she did not always receive proper notice and filings, materially impaired her ability to understand the status of her

appeal and to protect her rights. Appellant filed an unsworn declaration in conjunction with the instant application.

{¶11} In our April 7, 2026 Opinion affirming the trial court's judgment in favor of Cedar One, we noted that pro se Appellant failed to follow a number of appellate rules, including App.R. 16(A)(1),(2),(6) and (7). *Cedar One Properties, Ltd. v. Rudolph*, 2026-Ohio-1260, ¶ 3 (7th Dist.). We further observed that Appellant failed to provide a transcript of the county court proceedings, which violated App.R. 9. *Id.* at ¶ 4, 21-24.

{¶12} We additionally held that App.R. 9(B)(1) imposed a duty on Appellant to provide a transcript to this Court of the proceedings she considered necessary to her appeal. *Id*. at ¶ 22. We noted that if an appellant is unable to afford the preparation of a transcript, App.R. 9(C) allows for the submission of a statement of proceedings. *Id*., citing Staff Note (July 1, 2011 Amendment) to App.R. 9, citing *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58 (1986).

{¶13} We observed that Appellant did not submit a transcript of the county court proceedings to this Court or file a statement of proceedings under App.R. 9(C). *Id*. at ¶ 23. We explained we cannot consider an appellant's assignments of error when she fails to provide such filings and we must presume the regularity of the proceedings. *Id.* at ¶ 24.

{¶14} In addition to presuming the regularity of proceedings, we reviewed the county court's judgment entry granting judgment in favor of Appellee. *Rudolph*, 2026-Ohio-1260, at ¶ 14 (7th Dist.). We noted the county court indicated it took testimony and found that service of process was perfected on Appellant and she was served with proper notice to vacate the property. *Id*.

{¶15} Accordingly, we addressed Appellant's primary assertion in this application that she did not receive the three-day notice required under R.C. 1923.04. We presumed the regularity of the county court proceedings because no transcript was filed or a statement of proceedings. We observed the county court's finding after a hearing that Appellant was properly served notice and received the proper notice to vacate.

{¶16} We therefore find no obvious error in our decision or an issue that we did not consider or fully consider.

**{¶17}** For these reasons, Appellant's application for reconsideration is denied. The Clerk of Courts for the Harrison County Common Pleas Court is instructed to update Appellant's address as she identifies in her application for reconsideration and mail this and any future filings to this updated address.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**